Okay, the final case before the court is Stewart v. McDonald, an appeal from the Court of Veterans Affairs. Case number 147110. All right. Ms. Odom, I understand that you have a motion. You have reserved three minutes for rebuttal. Is that right? I have. Okay. All right. Proceed. Thank you. I may please the court. I'm Amy Odom. I represent the appellant, Gulf War veteran Patricia Stewart. In this case, both the board and the veterans court made the factual determination that Ms. Stewart's 2006 claim for stomach problems encompassed irritable bowel syndrome, or IBS. The R.O. denied that claim in 2007, and in 2005... Well, when you say that she made the claim, I guess it's open to question, or at least it's open to... I have a question as to whether that was part of her original claim back in 2005. In 2005, it still would have been part of that claim. Now, and you say that not because she said anything about IBS, but rather because the symptoms were consistent with IBS and could have been read to extend to IBS? Exactly. And I believe that under this court's case law, the VA had an affirmative duty to construe the claim, the general claim for stomach problems to include IBS. Okay. Go ahead. Especially in 2007, when the VA treatment records that the rating decision listed as having been considered in conjunction with the claim raised the possibility of IBS. Did she ever object to the fact that at the time, or later in 2008, that they decided to treat her request, that they look again at IBS because she had some additional medical records, that they treated that as a new claim? No. Ms. Stewart didn't raise a specific objection to that, but it wasn't her duty to do so. The Veterans Adjudication System is set up, as this court has recognized, to protect the lay person unsophisticated veteran. The veteran isn't charged with knowing how to correctly construe a claim and to process it under 7105. That's on the VA. The fact that the VA didn't do it here isn't on Ms. Stewart to pursue at the agency. It's the agency's obligation to process the claim correctly. As soon as she submitted that 2008 notice of disagreement to the 2007 decision denying the claim for stomach problems and specifying that she was appealing all conditions claimed, under 7105, the only thing that the VA could have done to honor that notice of disagreement was to issue the statement of the case, not a separate rating decision. But all of that, and she'd be fine, as I understand the veteran's law, she'd be fine if you're right that the initial claim included IBS, either explicitly or implicitly. But if the initial claim did not include IBS, and IBS came into the case only when she came back with her second motion for reconsideration and said, I want to raise IBS, and they decided to treat that separately, if that is a separate claim at that point, then you're out of luck, right? If we're speaking on hypothetical terms, I would say, if it were indeed a separate claim, so if the initial claim is for hearing loss, and then she later said, add IBS, I don't think we'd be here. I think that would be clear that those are two separate claims. Okay, but doesn't that present us with the basic factual dispute that we're struggling to try to reconcile here, whether or not IBS is in fact closely enough related to stomach problems to be encompassed within the original claim? And I don't see that the board, or the VA, or the court, for that matter, have answered that question conclusively. And if that's true, how can we decide this case? Because we're presented with the dual choices of either saying, yes, of course, if it was part of the original claim, then she's right. She shouldn't have been treated as having raised a new claim when she first mentions IBS. But if it is separate, if they would regard this as separate as a factual matter, doesn't that mean they got everything right? And isn't there a further problem, which is, whether they got it right or not, it's a factual issue which we can't hear on appeal. If the issue before this court was the scope of the claim, then we have a factual issue. But as we explained in our brief, both the board and the Veterans Court made at least the implicit conclusion that the IBS was included within the scope. At pages 22 and 23 of the appendix is the language from the Board of Veterans' Appeals, specifically noting that the case law requires it to look at all gastrointestinal diagnoses to determine the scope of the stomach problems claim. And noting that there was, in addition to the diagnosis of gastroesophageal reflux disease, the irritable bowel syndrome. And there's only one reasonable way to read that, which is that they acknowledge that the scope of the claim included these two diagnoses. Well, the scope of the overall claim, but I don't read this as saying that the scope of the initial claim included IBS. If I read this, they're saying, well, without maybe completely resolving this question, which leaves us up in the air, it's saying that there was a diagnosis of IBS, that there was in January 2010, there's a specific diagnosis of IBS. But she raises IBS in 2008. So IBS is definitely in the case. But the question, the critical question is, isn't it, that whether or not IBS was in the case from the word go? And I don't see them answering that question. Well, if they didn't specifically answer it here, and our position is they did. The only reason why they refused to adjudicate IBS was because of this separately issued rating decision. We think the court, the Veterans Court, specifically answered the question when it cited Ty Ruth for the proposition that the VA has discretion to bifurcate a claim. It had to have been one claim in order to have been bifurcated. And if this court still isn't satisfied that this finding has been made, or that there is a factual question outstanding, then you should remand and not dismiss for lack of jurisdiction. Because the only reason why there would be this outstanding factual question is because neither the board nor the Veterans Court directly addressed it and made this preliminary finding. And as the court has done before, as we mentioned in Chico, or Cheto, if I'm pronouncing it correctly, the court has remanded to the Veterans Court when the Veterans Court has failed to make the findings and to apply the proper legal standard. So this court could go on to determine that if, in fact, the initial claim did include IDS, then the court wrongly applied, or wrongly interpreted 7105 and applied Ty Ruth to require Ms. Dewar to file a second notice of disagreement. Right. So your argument is we could find at least that the Veterans Court impliedly found that it included, that the first claim included it. And I don't actually see anything in the red brief arguing that it didn't. They seem to simply be saying because they treated it as a separate claim, you had to file a different NOD. And the red brief would be the government's? Yes. Right. The government takes the position that even if the initial scope of the claim included IDS, it was still on Ms. Stewart to file a second notice of disagreement. And the cases that the government cites to support the proposition that there are some cases where you need to file a second NOD all have to do with what we call downstream issues. So the case law, I think, is clear that a veteran would never have to file a second notice of disagreement to a second rating decision denying the same claim that's currently on appeal. And I think we addressed in our reply brief how this situation is distinguishable from those cases that the government relied on. Now, in terms of bifurcation, I take it there really isn't anything inherently wrong with bifurcation at the board level, let's say, in which if the board says, well, you know, there are quite different considerations with respect to these multiple claims that are before us, and therefore we're going to treat them separately, as long as the veteran isn't prejudiced by either being required to file another NOD with respect to claims that have already been a NOD, which is the way you see this case. Or that it doesn't result in a change in the timing of the date from which the benefits will flow. Those are the two, but there's nothing inherently wrong with saying, well, we're going to treat these as separate, but we'll keep the original start date for all the claims as the same. And we won't require any more NODs. That would solve the problem of bifurcation, right? Exactly. I mean, bifurcation could be a useful administrative tool in some situations, but bifurcation cannot be used as a way to devoid a properly and timely file of notice of disagreement of its validity under the statute, and it can't be used as a trap for the unwary. So that brings us once again back to the question of whether the original NOD, and I guess 2008, encompassed IBS. Right. And that is a legal question, that this court has... Whether that not encompassed IBS, I mean, that depends on the factual question of whether IBS was alluded to, at least implicitly, and whether it's close enough to be deemed implicit within stomach problems, right? No. There's a difference between determining the scope of the claim and the scope of a notice of disagreement. This court's case law says that the scope of the claim is a factual determination, but this court has and will exercise jurisdiction over questions of the scope of the notice of disagreement under 7105. But the scope of the notice of disagreement is not the issue. The issue is what was in the original claim. I respectfully disagree. It's our position that what was in the original, the factual determination of what was in the by the board and the Veterans Court, at least impliedly. Is it your view that the diagnosis, the later diagnosis with respect to IBS should have been treated simply as new and material evidence relating to the earlier claim? No. It's our position that... Are you speaking of the 2010 VA examination? Yes. That that was evidence that was developed in the processing of the appeal of the stomach problems claim, which the VA continued to process correctly by issuing the statement of the case and allowing the steward to perfect her appeal by filing Form 9. So it's only evidence that was developed by the VA pursuant to the duty to assist in the processing of the appeal of the general claim for stomach problems, which encompass IBS, according to our reading of the board decision and the court's decision. You don't want the 2010 to be treated as new and material evidence because that wouldn't allow you to get benefits all the way back to 2005 claim, right? Well, that's one reason. And the other reason is new and material evidence is only a consideration when there's a final decision. And here there wasn't a final decision because Ms. Stewart filed the notice of appeal within the year of the October 2007 rating decision denying service connection for stomach problems. Okay. Let's save the rest of your time for rebuttal. Okay. Thank you. Good morning, Your Honor. May it please the court. I apologize for my voice. I'm getting over a cold. As we have explained, the court does not possess jurisdiction to decide this appeal because there was an affirmative determination that Ms. Stewart's March 2008 notice of disagreement did not encompass the IBS claim. The portions of the record... Isn't it correct? Your counsel on the other side argued that while the question of the scope of the claim might be a factual question, the scope of a notice of a disagreement, that that question is a legal question. The court has repeatedly said that, hasn't it? Well, Your Honor, we believe that the scope of the notice of disagreement involves a factual question as to what was actually submitted with her claim. And here we strongly disagree in our brief that the board made a factual determination that the IBS claim was adjudicated as part of the initial 2005 claim. Well, you never actually argue because I thought that was telling. You don't actually argue in the red brief that her initial claim wouldn't encompass IBS. We acknowledge in our brief that the board made a somewhat confusing statement on pages 22 and 23. But here, the board, or the VA, specifically concluded on page 81 of the record that she... Well, first of all, on page 81, she specifically asked to add IBS to her claim. And the VA consistently treated it after that as a new claim. It's something that was not... It treated the initial claim for stomach problems and gastroesophageal issues, or GERD, as a separate issue from IBS. But you're not arguing that the original claim didn't encompass IBS. What you're arguing is that once the VA decided to treat essentially one of the underlying questions in the original claim as a separate claim, that they therefore removed it from the original claim. Is that right? No, Your Honor. Neither the VA nor Ms. Stewart understood that the original claim encompassed IBS. Well, what about the medical records all the way back that talked about her symptoms and that even referred to IBS? Well, Your Honor, what she's talking about are the March 2007 medical records, which are contained at 77 and 79. And as Ms. Stewart concedes in her reply brief, that does not reflect the diagnosis of IBS. On page 77, it says nervous stomach. And on page 79, it says IBS question mark. There was no diagnosis of IBS until 2010. And so clearly the VA did not consider it as part of the 2005 claim and then again on reconsideration in 2006. Despite the fact that all the symptoms that were listed related to IBS instead of just general GERD? Well, Your Honor, the only thing we've been specifically pointed to in the record is the March 2007 medical records, which would just say nervous stomach and IBS question mark. But it didn't just say those two things. It had a whole list of symptoms that led to the IBS question mark. Your Honor, that was not presented or encompassed in the decision. The decision where the board specifically adjudicates it is on page 74 is where the board specifically addresses it or the RO specifically addressed it in the record. It says service medical records are negative, showing treatment or diagnosis of acid reflux in service. VA medical records dated March 2007 show a diagnosis of gastroesophageal reflux disease. But we have no link to relate this service. And then ultimately, that was what she filed the notice of disagreement to. So it doesn't discuss in any way IBS. And I don't think that there was no discussion of that symptomatology. And again, when she finally brought it to the board's attention, in July of 2008, she asked that it be added. As is reflected on page 99 of the record, the VA processed it as a new claim. They didn't understand that to a previously better time. She didn't file a new claim. She didn't ask that it be treated as a new claim. She asked it to be added. Right. Added to the original claim. On page... Right. Added to the original claim. The VA said on page 99 of the joint appendix, IBS taken as a new condition, not part of GERD with stomach problems. And that was consistently how it was treated. All the additional regional office decisions specifically treat IBS, and then they say GERD with stomach problems. Let me be sure you're responding to Ms. Odom's position. Ms. Odom's position, if I understood it correctly, is that the specific concept of IBS was included in the original claim of stomach problems. And that whatever bifurcation occurred later on could only be a bifurcation of something that had to be in the original claim, which included, in her view, the IBS symptomology and therefore the IBS claim. And it was your job, the VA job, to have sorted all that out and not left it to Ms. Stewart to sort out. Now, do I understand the VA is saying, no, no, no, IBS was never a part of that original stomach problems claim. IBS didn't show up until, what, 2010, whatever the later date is that you're arguing over the later NOD requirement. Are you with me? Yes, Your Honor. I believe that IBS has always been treated separately. VA has always interpreted it as a new claim. I also want to take issue with the language regarding bifurcation. I don't think here the VA bifurcated its claim. It understood there to be different symptomology presented with the IBS claim that was not presented earlier, and so it educated it separately. But the law doesn't require a specific diagnosis in order to be encompassed within a claim. In other words, if I come to the VA and say I have severe headache, I don't have to say that I've got a brain tumor as opposed to something else to have that encompassed within my claim for severe headaches, right? Yes, Your Honor. However, I think there's a mistake in using the principles such as in Clemens saying that the veteran is not required to self-diagnose to excuse them from filing the procedural requirement of filing a notice of disagreement with an adjudicated claim. Here, I think it's telling that Ms. Stewart does not present any excuse for why she did not file a notice of disagreement. Here, the veteran was not expected to self-diagnose as in Clemens. Here, the claims were adjudicated as they were presented to the VA. She was given clear notice that she had to file a notice of disagreement, and she didn't do that. Let me ask you this. If she did file in July of 2008 her request to add IBS, which the VA treated as a new claim, in effect, and it was denied, had she filed an NOD with respect to that claim and then won, would her benefits go all the way back to the 2005, or would it only go back to 2008? Your Honor, pursuant to the statute, her benefits would only go back to 2008 unless she had some claim that she had an informal. There could be an argument that she had an informal claim. So everything keeps coming back to the question of whether IBS was really part of that original claim, because if it was, then she's entitled to, if she wins, she's entitled to benefits all the way back to September of 2005. The fact that the VA has elected to treat it as a separate claim when she asks to have it added can only be defensible if it wasn't part of that original claim, right? Well, Your Honor, I think it's also a question of whether Well, let's make sure that we're on the same page. Do you agree with me? Is that in my writing in supposing that set of circumstances? Well, Your Honor, I don't think that the original decision could be said to implicitly deny the IBS claim since it wasn't specifically adjudicated. I understand the Court's problem with the fact that her benefits would go back to 2008 versus 2005. But the five denials don't involve explicit adjudications. That's their nature. So don't we need to know? I mean, I'm wondering why we don't remand this case because it seems to me we need to know what was in that original claim, and that sounds like a very factual question that we're not in a particularly good position to decide unless it's already been decided. Now, your opposing counsel thinks it's been decided, but if it hasn't been decided, then isn't that something that we need to send back? Well, Your Honor, I think it's been clear that they did not think that it was initially adjudicated or it was initially part of the claim, and that was why it was appropriately notified. Certainly, R.O. didn't. What she said is reopen my claim. She didn't say file a new claim. So she was obviously confused because she didn't realize her claim was still pending. Well, she also said add. It says reopen and add, and then the VA interpreted that as a claim that had not been... But it seems like we're doing a DASHA thing. You've got a pro se claimant who's got stomach problems that all the symptoms, if you read them, lead you to conclude that we're talking about something more like IBS than GERD, and then she comes back and says, you know, I want to make sure IBS is part of my claim, so reopen it or whatever you have to do to make sure it's in there, and then the VA decides it's going to go down a whole different road. You know, I thought the whole point was that the VA has an obligation to assist claimants in the development of these claims. Well, Your Honor, I think we're reading a lot about her subsequent diagnosis after the fact. What was before the board in 2006, 2007 was not a definitive diagnosis of IBS. It was at best a question, and that's definitely been conceded in the brief. This was an effort to treat the veteran as fairly as possible based on what the veteran thought she had asked the VA to decide and what the VA thought they had asked her to decide, and here she was given clear notice. There's no gotcha. She was given a notice of disagreement. She was given a decision. Page 115 of the joint appendix says if you disagree, you need to do something, and she didn't do anything. But Ms. Beck, let's go back to Judge O'Malley's hypothetical that she raised. Let's assume we have a patient, a veteran, who goes in and says, I have these terrible headaches, severe headaches all the time, and that's her claim, and subsequently the VA treats it as digestion problems or something else, or sinus problems or what have you, but it subsequently turns out she's got a brain tumor. Now, if the NOD that was filed, they turned her down because of her service connection or whatever, subsequently the question arises, was that brain tumor implicit in the original claim? Does the VA accept responsibility for having pursued that issue without the veteran having identified that particular possibility? Well, to the extent it's a separate set of symptoms, the Ephraim decision says that they're required to file a second notice of disagreement. There, you had the veteran had originally, I believe, applied for a different mental condition and was subsequently diagnosed with PTSD, and the court held that it was appropriate to have two notices of disagreement in that circumstance. If it's separate and different enough to be deemed a separate claim. Yes, Your Honor. But if it's not deemed to be different enough, and Judge O'Malley's hypothetical, I think, assumes that they aren't different enough to be deemed a separate claim, then there's no separate NOD required. Well, Your Honor, this, again, unless the veteran retroactively say her notice of disagreement said something that it didn't, in fact, say. I mean, here we do have... It's not the notice of disagreement, right? The notice of disagreement says, basically, I disagree with everything you just said in denying my whole claim. The real question is, what was the whole claim? Did the whole claim encompass, in this case, IBS? And if the answer to that is, no, it did not, then you're right. The first time she mentions IBS is when she makes this request in 2008. If it's included, then I don't see how you can be right. Well, Your Honor, I... She doesn't have to file a second NOD if it was included in the first claim, right? I mean, that's pretty clear in Veterans Law, as I understand it. Well, Your Honor, I don't think it was decided in the first claim, and I don't think it was presented to the VA in the first claim. That's what you think, and your opposing counsel disagrees, but I don't see the board or the court having made any kind of hard and clear ruling on that question. Well, I think the board's decision treats them always as separate conditions. I believe... I don't think that 22 and 23... Again, 23 only talks about gastroesophageal disabilities, which would have been her GERD, and then it proceeds to talk about the first claim as only including gastroesophageal disorders to include GERD on page 24, and then it discusses them in terms of GERD on pages 34 and 35. And the Veterans Court's decision talks about the fact that the original claim was understood only to include GERD, and that's on page 5 of the Veterans Court's decision. So I think the court... It's clear that it only understood GERD with stomach problems to have been part of what she submitted originally. Ms. Speck, you're with DOJ, right? Yes, sir. Not the VA. No, no. In an ordinary course of civil litigation, your position would be quite sound because it's clear that she, Ms. Stewart, did not make very clear what she was... what her problem was and what she needed. But the VA context is dramatically different, and this is a problem... We hear these cases with some regularity in which the VA forgets what its role is, which is to help the veteran. I see no evidence in this case anywhere up the line that the VA went out of its way to help the veteran figure out exactly what the veteran's problem was. And we see these cases, and I don't know how we communicate that problem back to whoever needs to hear it. Okay. Okay, thank you. I think the most important thing to focus on right now is where do you believe in the Veterans Court decision or otherwise that the factual findings have been made in Ms. Stewart's favor that the original claim encompassed? That would be on page 5, last paragraph, 1, 2, 3, 4, 5 lines down, and, quote, VA was permitted to adjudicate the matter of service connection for IBS separately from the appellant's original stomach problems claim. See tie roof, parentheses, VA may bifurcate a claim and adjudicate it in separate pieces. That's the Veterans Court relying on tie roof to say that Ms. Stewart was required to file a second notice of disagreement because VA bifurcated the claim for stomach problems. Not as explicitly as I would have liked it, but there's only one reasonable reading of that statement. In addition, I'd like to point out that I disagree with the closing counsel that page 22, sorry, that 23 of the appendix, the board's decision that only talks about GERD. It specifically says, in this case, the record also reflects a diagnosis of GERD and IBS. Without making any additional statements, it moves right to, well, she submitted a specific claim and didn't appeal the 2008 decision. That's the only reason why the board refused to adjudicate IBS. She was without counsel during this part of the proceedings, wasn't she? That's right. She was with a veteran service organization. This court made clear in Comer v. Peake that a veteran service organization is not the same as representation by counsel. So she was the very layman that this system is designed, and this court's case law specifically is designed to protect. So to the extent that the government relies on a truncated version of the 2008 statement, which is add IBS, and ignores the rest of it, which is, as Judge O'Malley pointed out, was reopen my claim, which was already on appeal, and add IBS. The government has chosen to construe that statement in the light most unfavorable to Ms. Stewart to deprive her of her right to board review of the decision, and, as Judge Bryson has pointed out, to a later effective date of benefits if she does get granted, which on this record she most certainly should be granted, should have been granted as early as 20 times. Just one more question, if I could. The court there is referring to a February 2009 rating decision, which is the rating decision, as I understand it, that was on her July 2008 request to have IBS added. So they're putting the two decisions together, I take it, at that point, are they not? The decision on her original claim, which did not at least explicitly include IBS, and the later decision, which did include IBS. But I'm not sure that given that way that the court is characterizing the two, that that tells us that the court must necessarily then have been saying that the original claim included, by implication, IBS. That's my problem with the reference to the court's opinion. I'm a little out of time. I may have to respond. You understand my concern with the reference to the February 2009 decision? Yeah, but all the veterans court is saying there is that they issued a separate rating decision, and Ms. Stewart was required to file a Notice of Disagreement to that decision. If we all agree that everybody agrees that the original claim included IBS, that second rating decision has no legal effect. It doesn't mean anything. Didn't restart the 7105 process for her to file a Notice of Disagreement. As we pointed out in our reply brief, we agree with the government that it was superfluous. There was no reason for it. The only thing that had any legal validity at that point was the statement of the case, which they issued on stomach problems, and then her Form 9. And when she filed that Form 9, she was entitled to a court decision on IBS, and that's where we went wrong. Well, if there are any further questions, thank you very much for your time. Thank you. The case will be submitted.